[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 262.]

DAVIDSON ET AL., APPELLEES, *v*. MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Davidson v. Motorists Mut. Ins. Co.*, 2001-Ohio-36.]

*Insurance—Homeowner's insurance policy that provides limited liability coverage for vehicles not subject to motor vehicle registration is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.*

(Nos. 00-132 and 00-170—Submitted November 29, 2000—Decided April 11, 2001.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 99AP-163.

———————————

SYLLABUS OF THE COURT

A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.

———————————

FRANCIS E. SWEENEY, SR., J.

{¶ 1} On September 26, 1995, plaintiff-appellee Gerald Davidson sustained serious injuries in an automobile collision caused by the negligence of Gary Cusick. At the time of the accident, Cusick had in effect a $100,000 liability insurance policy issued by Farmer's Insurance. Davidson was paid the full policy limit.

**{¶ 2}** He then sought underinsured motorist coverage from his own motor vehicle insurance carrier, defendant-appellant Motorists Mutual Insurance Company ("Motorists"). According to Motorists, appellee made a claim under the uninsured motorist portion of his own automobile policy, which Motorists said it honored.

**{¶ 3}** Seeking additional coverage, Davidson, along with his wife and children, also appellees, turned to their homeowner's policy, issued by Motorists. Believing that there was additional coverage under their homeowner's policy because it provided incidental coverage for certain vehicles, appellees filed a declaratory judgment action against Motorists, seeking underinsured motorist benefits.

**{¶ 4}** Appellees moved for summary judgment, arguing that they were entitled to underinsured motorist coverage as a matter of law. Relying on *Goettenmoeller v. Meridian Mut. Ins. Co.* (June 25, 1996), Franklin App. No. 95APE11-1553, unreported, 1996 WL 362089, the trial court found that since the homeowner's policy provided liability insurance for the use of recreational vehicles, the homeowner's policy was, in effect, a motor vehicle liability policy. Thus, the trial court granted appellees' summary judgment motion and held that Motorists had been obligated to offer uninsured/underinsured motorists coverage ("UM/UIM") under former R.C. 3937.18 and that because Motorists had not offered it, the coverage was in effect by operation of law.

**{¶ 5}** The court of appeals affirmed. Based upon *Goettenmoeller* and the recent decision of *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161, the court concluded that the Motorists homeowner's policy was a motor vehicle liability policy subject to R.C. 3937.18 and that UM/UIM coverage existed by operation of law.

**{¶ 6}** Upon motion, the court of appeals certified a conflict to this court, finding that its judgment conflicted with the decision from the Ninth District Court

of Appeals in *Overton v. W. Res. Group* (Dec. 8, 1999), Wayne App. No. 99CA0007, unreported, 1999 WL 1215138. The cause is now before this court upon our determination that a conflict exists (case No. 00-170) and upon the allowance of a discretionary appeal (case No. 00-132).

{¶ 7} The issue presented is whether limited liability coverage for certain vehicles rendered the policy a motor vehicle liability policy, subject to the requirement of former R.C. 3937.18 to offer UM/UIM coverage.[1] For the reasons that follow, we find that the homeowner's policy is not a motor vehicle liability policy and is not subject to former R.C. 3937.18, 145 Ohio Laws, Part I, 210.

{¶ 8} Former R.C. 3937.18 requires an insurer to offer UM/UIM coverage whenever an automobile liability or motor vehicle liability policy of insurance is issued. If UM/UIM coverage is not offered, it becomes part of the policy by operation of law. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429, paragraphs one and two of the syllabus. Thus, an offer of UM/UIM coverage was required in this case only if the homeowner's policy is a motor vehicle liability policy.

{¶ 9} To determine whether the homeowner's policy is a motor vehicle liability policy, we first turn to the language of the insurance contract itself. The homeowner's policy at issue provides:

"COVERAGE E – **Personal Liability**

"If a claim is made or a suit is brought against an 'insured' for damages out of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies, we will:

"1. Pay up to our limit of liability for damages for which the 'insured' is legally liable."

---

1. The issue raised in the discretionary appeal disposes of the certified question.

**{¶ 10}** The homeowner's policy then provides exclusions to coverage, including an exclusion relating to the use of motor vehicles by an insured. This exclusion states:

"SECTION II – Exclusions

"1. **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to 'bodily injury' or 'property damage':

" * * *

"f. Arising out of:

"(1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an 'insured.' "

**{¶ 11}** The policy then carves out an exception to this exclusion, affording coverage when injuries are sustained or property damage is incurred when using a limited class of vehicles. The policy provides:

"This exclusion does not apply to:

"(1) A trailer not towed by or carried on a motorized land conveyance.

"(2) A motorized conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:

"(a) not owned by an 'insured'; or

"(b) Owned by an 'insured' and on an 'insured location';

"(3) A motorized golf cart when used to pay [*sic*] golf on a golf course;

"(4) A vehicle or conveyance not subject to motor vehicle registration which is:

"(a) Used to service an 'insured's' residence;

"(b) Designed for assisting the handicapped; or

"(c) In dead storage on an 'insured location' * * *."

**{¶ 12}** The court of appeals found, and appellees continue to argue, that by providing coverage for the above vehicles, the homeowner's policy includes

4

incidental coverage for motor vehicles and is, in effect, a motor vehicle liability policy.[2] For support, the court relied primarily on *Goettenmoeller v. Meridian Mut. Ins. Co.* (June 25, 1996), Franklin App. No. 95APE11-1553, unreported, 1996 WL 362089, and *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161.

{¶ 13} *Goettenmoeller* was the first appellate decision in Ohio that addressed the issue of whether an insurance policy other than a standard automobile insurance policy qualified as a "motor vehicle liability policy" for purposes of the requirement to offer UM/UIM coverage under former R.C. 3937.18.[3]

{¶ 14} In *Goettenmoeller*, the plaintiff was involved in an automobile accident and sought coverage under her parents' farmowner's policy. The policy included coverage for the insured's dwelling, barns, farm buildings, structures, and equipment, but excluded coverage for bodily injury arising out of the ownership, maintenance, operation, use, loading, or unloading of any motor vehicle owned or operated by, or rented or loaned, to any insured. The exclusion did not apply to bodily injury occurring on the insured premises and arising from the use of a

---

2. Appellees further contend that the homeowner's policy is a motor vehicle liability policy because it contains a "residence employee" exclusion, affording protection against liability to employees for injuries occurring in the course of their employment and arising out of the use of a motor vehicle. Because this argument was not raised in either the trial court or court of appeals, we decline to address it. See Kalish v. Trans World Airlines (1977), 50 Ohio St.2d 73, 4 O.O.3d 195, 362 N.E.2d 994.

3. R.C. 3937.18 was amended effective September 3, 1997 (after the policy in this case was issued) as follows:

"(L) As used in this section, 'automobile liability or motor vehicle liability policy of insurance' means either of the following:

"(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;

"(2) Any umbrella policy of insurance." Am.Sub.H.B. No. 261, 147 Ohio Laws, Part II, 2377.

Subsection (L)(2) was later amended to read as follows:

"(2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." 1999 S.B. No. 57.

recreational motor vehicle. The court applied the definition of motor vehicle in R.C. 4501.01(B), and found that since "recreational vehicles" were within that definition, the farmowner's policy was a motor vehicle liability policy.

**{¶ 15}** In *Selander*, 85 Ohio St.3d at 544, 709 N.E.2d at 1163, we cited *Goettenmoeller* for the proposition that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Both the Tenth District Court of Appeals and the Fifth District Court of Appeals have relied on that single sentence in *Selander* and the rationale espoused in *Goettenmoeller* to extend UM/UIM coverage to homeowner's policies that provide limited liability coverage for vehicles such as recreational vehicles. See *German v. Wray* (Sept. 3, 1999), Richland App. No. 99CA17, unreported, 1999 WL 770733; *Willis v. Lightning Rod Mut. Ins. Co.* (Sept. 27, 1999), Fairfield App. No. 99CA14, unreported, 1999 WL 976178; *Chuff v. Holland* (Sept. 30, 1999), Licking App. No. 99CA57, unreported, 1999 WL 976231.

**{¶ 16}** Appellant maintains that these appellate decisions are incorrect and that the requirement of former R.C. 3937.18 to offer UM/UIM coverage does not apply, because the homeowner's insurance policy was not a motor vehicle liability policy. Appellant urges us to follow the certified conflict case of *Overton v. W. Res. Group* (Dec. 8, 1999), Wayne App. No. 99CA0007, unreported, 1999 WL 1215138, where the Ninth District Court of Appeals refused to extend UM/UIM coverage under a similar policy.

**{¶ 17}** We agree with appellant and find that these courts have mistakenly relied on the *Selander* decision and have erroneously extended UM/UIM coverage where none exists. Moreover, upon closer scrutiny, we reject the reasoning employed by the *Goettenmoeller* court and instead find the *Overton* decision to be persuasive.

**{¶ 18}** To begin with, the court of appeals in this case has failed to recognize the inherent differences between the *Selander* decision and the case at hand and has

applied language in *Selander* out of context. *Selander* involved a general business liability policy that specifically provided liability coverage for injuries arising out of the use of automobiles (*i.e.*, motor vehicles). The policy generally excluded coverage for liability arising out of the use of motor vehicles, but provided limited coverage for claims arising out of the use of hired or "non-owned automobiles" used in the insured business. The insureds, who were injured in the course of the partnership's business while occupying an automobile owned by a partner, sought underinsured motorist coverage under the policy. The insurer admitted that the policy provided limited automobile liability insurance for hired and nonowned vehicles, but argued that UM/UIM coverage did not apply, since the policy was not issued for delivery with respect to any particular motor vehicle. We rejected that argument and found that the policy was a "motor vehicle liability policy" within the meaning of R.C. 3937.18. In particular, we stated that "[t]he fact that a policy provides liability coverage for non-owned and hired motor vehicles is sufficient to satisfy the requirement of R.C. 3937.18 that a motor vehicle liability policy be delivered in this state with respect to any motor vehicle registered or principally garaged in this state." *Id.* at 544-545, 709 N.E.2d at 1164.

{¶ 19} The *Selander* decision is clearly distinguishable from the instant case. In *Selander*, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobile liability coverage arising out of the use of these automobiles, we reasoned that UM/UIM coverage was required. That holding comports with the requirement under R.C. 3937.18 that UM/UIM coverage must be offered where the policy is an automobile or motor vehicle liability policy. In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to

motor vehicle registration and are designed for off-road use or are used around the insured's property.

{¶ 20} These distinctions are significant. Clearly, the policy in *Selander* was deemed an automobile liability or motor vehicle policy precisely because there was express liability coverage arising from the use of automobiles. Furthermore, automobiles, unlike the vehicles listed in the homeowner's policy in this case, are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway. Thus, based on these distinctions, it makes perfect sense to allow UM/UIM coverage in *Selander* but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class of motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway.

{¶ 21} Moreover, we never intended *Selander* to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, *Selander* stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration.

{¶ 22} The Ninth District Court of Appeals in the certified conflict case of *Overton v. W. Res. Group* understood this principle. See, also, *Dicke v. Safeco Ins. Co.* (Dec. 13, 2000), Allen App. No. 1-2000-64, unreported, 2000 WL 1824885. The *Overton* court, in construing a similar homeowner's policy, rejected the argument that the policy was in effect a motor vehicle liability policy. The court distinguished the homeowner's policy at issue from the policy in *Selander*, which contained direct liability coverage arising out of the use of automobiles. The court emphasized this distinction when it stated:

"In this case, however, there is no direct liability coverage, even in a limited sense, for motor vehicles. The policy provision above specifically excludes coverage for bodily injury arising out of the use of motor vehicles. While the exclusion described does [not] apply to specific conveyances such as recreational off-road conveyances and golf carts, this incidental coverage is simply not enough to transform a homeowner's policy into an automobile liability policy.

"A homeowner's policy such as the policy at issue in this case cannot be reasonably construed to provide uninsured or underinsured motorist coverage where there is no automobile liability coverage intended by the parties or contained within the policy." *Id.* at 7.

{¶ 23} We agree with these principles. Although the homeowner's policy affords limited coverage arising out of the use of certain motorized vehicles, the mere fact that the policy provides coverage for these motorized vehicles does not convert the policy into a motor vehicle liability policy. In that regard, we find that the *Goettenmoeller* decision and its progeny incorrectly extended UM/UIM coverage to homeowner's policies simply because there was some incidental coverage for recreational vehicles.

{¶ 24} Furthermore, in extending UM/UIM coverage, the *Goettenmoeller* court did not seem to understand what is meant by the term "motor vehicle liability policy." This court has previously applied the definition of "motor vehicle liability policy" of insurance that is provided in R.C. 4509.01(L), which limits the phase to policies certified as proof of financial responsibility and which applies to vehicles by which persons or property may be transported upon a highway. In applying this definition, we have found that "the financial responsibility laws and the UIM statute are related in purpose and that the General Assembly intended them both to apply only to policies that insure against liability arising from the ownership or operation of 'vehicles' that can be used for transportation on the highway." *Delli Bovi v. Pacific Indemn. Co.* (1999), 85 Ohio St.3d 343, 345, 708 N.E.2d 693, 695. In

applying that interpretation to this case, we likewise find that the homeowner's policy here was not a motor vehicle liability policy. Although the covered vehicles may theoretically be used on a highway, they legally cannot, because they are not subject to motor vehicle registration and are specifically designated in the homeowner's policy for off-road use, for use around the insured's property, or for other nonhighway use (*e.g.*, dead storage). In essence, these types of vehicles are covered by homeowner's policies precisely because they are not covered under automobile liability policies, since they are not subject to motor vehicle registration.

**{¶ 25}** In *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 608, 710 N.E.2d 677, 680, a case involving the insurer's duty to indemnify and/or defend a holder of a homeowner's policy against a wrongful-death claim, we explained the inherent differences between UM/UIM coverage and homeowner's coverage:

"[I]n the case of bodily injury, homeowner's liability insurance is essentially designed to indemnify against liability for injuries that noninsureds sustain themselves, typically while in the insured's home. In contrast, the purpose of uninsured motorist coverage is 'to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go     uncompensated.' "

**{¶ 26}** It makes perfect sense, then, to include coverage in homeowner's policies for off-road and similar vehicles that are used around the insured premises but to limit UM/UIM coverage to vehicles designed for highway use. Common sense alone dictates that neither the insurer nor the insured bargained for or contemplated that such homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises.

**{¶ 27}** As stated by the California Supreme Court in *Herzog v. Natl. Am. Ins. Co.* (1970), 2 Cal.3d 192, 197, 84 Cal.Rptr. 705, 707, 465 P.2d 841, 843:

"To the extent that [an automobile] is generally and normally used away from the home on streets and highways, it presents hazards not closely associated with the home, for which other insurance is customarily carried and is generally understood to afford coverage.

"The reasonable expectations of the insurer in a homeowner's policy—as additionally manifested in the type of information sought upon application for such a policy and the relatively small premiums charged—clearly do not contemplate coverage for automobile-related accidents which occur beyond this limited area. Nor do the reasonable expectations of the insured contemplate that his homeowner's policy will provide such extended automobile coverage; other insurance, with a premium commensurate to the increased risks, is available for that purpose, and, as in the case at bench, is customarily obtained by the homeowner." (Footnote omitted.)

{¶ 28} With these principles in mind, we find that the incidental coverage provided for those vehicles listed in the exception to the motor vehicle exclusion does not transform the policy into a motor vehicle liability policy. Consequently, we hold that a homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage.

{¶ 29} Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

————————————

*Clark, Perdue, Roberts & Scott, Douglas S. Roberts* and *Glen R. Pritchard*, for appellees.

*Keener, Doucher, Curley & Patterson, L.P.A.,* and *W. Charles Curley*, for appellant.

*Robert W. Kerpsack Co., L.P.A.*, and *Robert W. Kerpsack*, urging affirmance for *amicus curiae* Ohio Academy of Trial Lawyers.

*Boyk, McCulley & Crossmock* and *Steven L. Crossmock*, urging affirmance for *amici curiae* Michael K. and Lori Overton.

*Gallagher, Bradigan, Gams, Pryor & Littress, L.L.P.,* and *James R. Gallagher*, urging reversal for *amicus curiae* Ohio Academy of Civil Trial Attorneys.

*David L. Jarrett*, urging reversal for *amicus curiae* Western Reserve Group.

*Keller & Curtin Co., L.P.A.,* and *Stanley S. Keller; Ross & Hardies, Peter J. Valeta* and *Matthew S. Elvin*, urging reversal for *amicus curiae* National Association of Independent Insurers.

———————————