OPINION
{¶ 1} On August 23, 1996, appellee, Deborah Shook, sustained injuries when the motorcycle she was traveling on was struck by Thomas Terry. At the time of the accident, appellee was employed with the Village of Hartville. The Village was covered under a commercial automobile policy and an umbrella policy issued by appellant, Cincinnati Insurance Company.
 {¶ 2} On August 23, 2001, appellee filed a declaratory judgment complaint against appellant for underinsured motorist benefits.[1]
Both parties filed motions for summary judgment. By judgment entry filed February 21, 2002, the trial court found appellee was entitled to coverage under both policies.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD THAT PLAINTIFF WAS ENTITLED TO COVERAGE UNDER CINCINNATI'S PRIMARY POLICY."
II
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD THAT PLAINTIFF WAS ENTITLED TO COVERAGE UNDER CINCINNATI'S UMBRELLA POLICY."
III
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING COVERAGE TO APPELLEE AS APPELLEE IS NOT AN INSURED ON APPELLANT'S POLICIES INSURING VILLAGE OF HARTVILLE AS SHE IS NOT AN EMPLOYEE WHILE OFF DUTY AS A MATTER OF LAW."
IV
 {¶ 7} "UM/UIM COVERAGE MAY NOT BE IMPOSED ON THE UMBRELLA POLICY BECAUSE THE VILLAGE OF HARTVILLE HAD NO LEGAL AUTHORITY TO PURCHASE PERSONAL UM/UIM COVERAGE FOR OFF-DUTY EMPLOYEES."
 I {¶ 8} Appellant claims the trial court erred in finding coverage under the commercial automobile policy. We agree.
 {¶ 9} The commercial automobile policy issued to the Village contained express uninsured/underinsured motorist coverage pursuant to R.C. 3937.18. Appellant concedes under Scott-Pontzer v. Liberty MutualFire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292, appellee is an insured under the policy language, but argues because appellee did not protect its subrogation rights, there is no coverage.
 {¶ 10} We note uninsured/underinsured motorist coverage is not "created" by operation of law because said coverage already exists. The existing policy provisions constitute a contract and as such, a claimant must follow the contractual language or be barred from recovery:
 {¶ 11} "Nevertheless, UM/UIM coverage remains a contract right, not an entitlement. If the insured then fails to satisfy the conditions the policy imposes on that right, the insured forfeits his rights under the policy to UM/UIM coverage. Notice requirements are one such condition. Such conditions are no less restrictive on UM/UIM coverage than are, for example, policy limits, which are likewise governed by the agreement the parties made. Stated otherwise, when UM/UIM coverage is imposed by operation of law, the insured must satisfy the duties imposed on him by the policy in order to obtain the benefits of the concomitant duty to provide coverage that the law imposes on the insurer." Luckenbill v. Midwestern Indemnity Co. (2001), 143 Ohio App.3d 501, 508-509. See, also, Rohr v. The Cincinnati Insurance Co., Stark App. No. 2001CA00237, 2002-Ohio-1583.
 {¶ 12} Appellee argues despite this principle, there is coverage in this case because the uninsured/underinsured motorist policy language contains limitations that have been found to be invalid by the Supreme Court of Ohio. Said coverage contains the following exclusion for noncovered auto:
 {¶ 13} "This insurance does not apply to:
 {¶ 14} "3. Bodily injury sustained by you or any family member while occupying or struck by any vehicle owned by your or any family member which is not a covered auto." See, Section C(3) of the Uninsured Motorists Insurance (Ohio) Endorsement CA 21 33, attached to Appellant's January 9, 2002 Motion for Summary Judgment as Exhibit C-1.
 {¶ 15} The Supreme Court of Ohio has struck down any attempt to limit uninsured/underinsured motorists coverage to owned or covered vehicles:
 {¶ 16} "In order for a limitation on uninsured motorist coverage to be valid it must not be contrary to the coverage mandated by R.C. 3937.18(A). * * * R.C. 3937.18 sets forth the minimum uninsured and underinsured motorist coverage that an insurer must offer its insureds at the time of contracting for automobile liability insurance." (Citations omitted.) Moore v. State Auto Mutual Insurance Co., 88 Ohio St.3d 27, 28-29, 2000-Ohio-264. See, also, Martin v. Midwestern Group Insurance Co., 70 Ohio St.3d 478, 1994-Ohio-407; State Farm Automobile Insurance Co. v. Alexander (1992), 62 Ohio St.3d 397.
 {¶ 17} Appellee argues based upon these cases and the philosophy therein, the policy sub judice did not contain uninsured/underinsured motorist coverage and therefore is created by operation of law and the existing subrogation provisions are invalid. We disagree with this rationale.
 {¶ 18} In the State Farm case at 400, the Supreme Court of Ohio specifically found the "exclusion is unenforceable because it conflicts with R.C. 3937.18." In the Moore case at 33, the Supreme Court of Ohio found "the limitation is invalid and unenforceable." Likewise, in theMartin case at 482, the Supreme Court of Ohio found the policy provision was "invalid." Furthermore, the Martin court at 482 recognized "(i)t is state law (R.C. 3937.18) which determines the scope of uninsured motorist policy, not the insurance policy or the amount of the premium paid." The clear language of these opinions supports the fact that if there is an invalid and unenforceable exclusion, only that exclusion is negated and not the entire uninsured/underinsured motorist policy.
 {¶ 19} Based upon the language of the Supreme Court of Ohio cited supra, we conclude this case does not involve uninsured/underinsured motorist coverage by operation of law, but an uninsured/underinsured motorist contract that has valid and enforceable contractual limitations.
 {¶ 20} Appellee does not contest that appellant's subrogation rights were not protected. The policy sub judice contains the following notice and subrogation provisions:
 {¶ 21} "A. YOUR DUTIES AFTER ACCIDENT OR LOSS.
 {¶ 22} "1. You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident or loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.
 {¶ 23} "C. OUR RIGHT TO RECOVER FROM OTHERS:
 {¶ 24} "If we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything necessary to secure these rights and must do nothing that would jeopardize them." See, Part IV, Sections A and C of the Business Auto Policy, attached to Appellant's January 9, 2002 Motion for Summary Judgment as Exhibit C-1.
 {¶ 25} Under the clear mandate of Bogan v. Progressive CasualtyInsurance Co. (1988), 36 Ohio St.3d 22, paragraph four of the syllabus, subrogation provisions are enforceable in uninsured/underinsured motorist claims:
 {¶ 26} "Based upon the established common law and further strengthened by the specific statutory provision, R.C. 3937.18, a subrogation clause is reasonably includable in contracts providing underinsured motorist insurance. Such a clause is therefore both a valid and enforceable precondition to the duty to provide underinsured motorist coverage."
 {¶ 27} Appellee argues that in Burkhart v. CNA Insurance, Stark App. No. 2001CA00265, 2002-Ohio-903, this court found the subrogation and notice provisions to be unenforceable. In Burkhart, the commercial automobile policy contained uninsured/underinsured motorist coverage as the case sub judice. In finding the provisions to be unenforceable, theBurkhart court relied on this Court's decision in Myers v. SafecoInsurance of America (February 18, 2000), Licking App. No. 99CA00083, reversed on the authority of Davidson v. Motorists Mutual Insurance Co.,91 Ohio St.3d 262, 2001-Ohio-36. Myers was not a commercial automobile policy with uninsured/underinsured motorist coverage, but a homeowners policy that was determined to be a motor vehicle policy and coverage arose by operation of law. Further, the Myers court cited Demetry v. Kim
(1991), 72 Ohio App.3d 692, which also involved a policy that was created by operation of law.
 {¶ 28} We specifically find the Burkhart court's reliance onMyers to be in error.[2] We have yet to decide what happens to conditional provisions when an uninsured/underinsured motorist policy is already in existence and not created by operation of law.
 {¶ 29} Accordingly, we find appellant's subrogation rights under the commercial automobile policy have not been protected and therefore appellee is not entitled to coverage.
 {¶ 30} Assignment of Error I is granted.
 II {¶ 31} Appellant claims the trial court erred in finding coverage under the umbrella policy. We agree.
 {¶ 32} The umbrella policy is clearly an excess policy to the commercial automobile policy discussed supra. See, Part II, of the Commercial Umbrella Liability Policy, attached to Appellant's January 9, 2002 Motion for Summary Judgment as Exhibit C-2. The umbrella policy will pay "the ultimate net loss for occurrences during the policy period in excess of the underlying insurance * * *." Id. The "underlying insurance" policies are listed in Schedule A — Schedule of Underlying Policies and includes the subject commercial automobile policy.
 {¶ 33} Because we found no coverage under the underlying policy, appellee is not entitled to coverage under the umbrella policy.
 {¶ 34} Assignment of Error II is granted.
 III, IV {¶ 35} Based upon our decision in Assignments of Error I and II, these assignments of error are moot.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
topic: UIM/UM coverage? no — subrogation rights not protected
[1] Appellee settled with the tortfeasor.
[2] The Burkhart panel consisted of Judges Hoffman, Wise and Boggins. The panel in Myers consisted of Judges Wise and Edwards and a visiting judge. Therefore, because Myers contains a different fact pattern thanBurkhart, we are not bound by it as precedence.