JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Michael D. Mlecik, administrator of the estate of Michael R. Mlecik, appeals from the trial court order that granted summary judgment to defendant-appellee/cross-appellant Steadfast Insurance Company.
 {¶ 2} Appellant argues the trial court incorrectly concluded his decedent was not an insured under Steadfast's commercial general liability ("CGL") policy issued to his son's employer. In Steadfast's cross-appeal, it contends the trial court incorrectly concluded the CGL policy applied to automobiles. This court has reviewed the policy in light of the relevant case law, and concludes the trial court's analysis of both issues was appropriate. Consequently, the trial court's decision is affirmed.
 {¶ 3} The facts in this case are not in dispute. Appellant's son was killed by an uninsured hit-skip driver on the night of July 13, 1995. At the time of his death, appellant's son had been driving home from his place of employment, Tiffany's Cabaret. Tiffany's Cabaret was insured under a CGL policy issued by Steadfast.
 {¶ 4} After obtaining the liability limit of $100,000 from their own automobile insurer, appellant and his wife obtained a money judgment against the uninsured driver responsible for the accident. Appellant and his wife also received an amount of money from their homeowner's insurance company. Subsequently, in the year 2000, appellant submitted a claim to Steadfast based upon his son's employment with Tiffany's Cabaret.
 {¶ 5} The policy Steadfast had issued to Tiffany's Cabaret contained a provision stating Steadfast would "pay on behalf of the named insured the ultimate net loss . . . which the named insured shall become legally obligated to pay as damages because of personal injury * * *." The insureds named in the policy were nine corporate entities and four specific individuals. An additional endorsement amended the "Persons Insured" provisions of the policy to include the following:
 {¶ 6} "(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,
 {¶ 7} "(1) any employee of the named insured while operating any such equipment in the course of his or her employment or while performing services related to the conduct of the named insured's business; * * *." (Bold in original; Underscoring added.)
 {¶ 8} Steadfast refused to pay appellant's claim; therefore, appellant instituted this action seeking a declaratory judgment that he was entitled to uninsured/underinsured motorist coverage from Steadfast. The parties eventually filed cross-motions for summary judgment. Ultimately, the trial court issued an opinion and order granting Steadfast's motion for summary judgment on appellant's claim but denying appellant's motion. The trial court held that although the insurance policy was subject to R.C. 3937.18, the decedent was not an "insured" as that term was defined in the policy.
 {¶ 9} Appellant filed an appeal from the trial court's decision. Steadfast thereafter filed a cross-appeal; its assignment of error first is addressed as follows:
 {¶ 10} "The trial court erred in finding that the Steadfast Insurance Company general liability policy issued to Tiffany's Cabaret is an automobile liability policy subject to O.R.C. § 3937.18."
 {¶ 11} Steadfast urges this court to overturn that part of the trial court's decision that determined the CGL policy issued to the decedent's employer constituted an automobile liability insurance policy pursuant to the version of R.C. 3937.18 in effect in July, 1995. This court declines to do so.
 {¶ 12} In reviewing the granting of a motion for summary judgment, this court applies the same standard used by the trial court. Summary judgment is appropriate when, after construing the evidence most strongly in the opposing party's favor, reasonable minds can conclude only that the moving party is entitled to judgment as a matter of law.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. The applicable law in this instance was set forth by the Ohio Supreme Court inSelander v. Erie Ins. Group, 85 Ohio St.3d 541, 1999-Ohio-287.[1]
Referring to two appellate court decisions, the supreme court stated unequivocally that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Id. at 544.
 {¶ 13} Steadfast's contention in this case that the supreme court's subsequent decision in Davidson v. Motorists Mut. Ins. Co.,91 Ohio St.3d 262, 2001-Ohio-36, equivocates the foregoing rule of law remains unpersuasive. In Davidson, the vehicles at issue were not subject to Ohio's automobile registration laws; the decision clearly held that if, however, the terms of the policy demonstrate they are intended to satisfy the compulsory insurance requirements of Ohio's financial responsibility law, the policy qualifies as an automobile liability policy.
 {¶ 14} Steadfast's policy applied to "registered" motor vehicles that traveled on "public" highways. Since these qualifications are not merely "incidental" to the vehicles' character, the trial court correctly concluded R.C. 3937.18 applied to the policy. Linko v. Indemn. Ins. Co.of N. Am., 90 Ohio St.3d 445, 2000-Ohio-92; Hopkins v. Dyer (Mar. 28, 2002), Tuscarawas App. Nos. 2001AP080087, 2001AP080088; Stacy v. WausauBus. Ins. Co. (June 13, 2000), Tuscarawas App. No. 2000AP010004; cf.Devore v. Richmond (Aug. 2, 2002), Wood App. No. WD-01-044. Consequently, Steadfast's cross-assignment of error is overruled.[2]
 {¶ 15} The foregoing, however, does not dispose of appellant's assignment of error, which states:
 {¶ 16} "The trial court erred as a matter of law concluding that the Plaintiff-Appellant was not an insured entitled to uninsured motorist coverage implied by operation of law under a commercial general liability policy issued by defendant-appellee."
 {¶ 17} Appellant argues the trial court incorrectly concluded the automobile liability coverage afforded by Steadfast's CGL policy did not apply to him. He contends coverage imposed by operation of law cannot be restricted. Although appellant supports his contention with two cases from other Ohio appellate districts,[3] this court does not agree the facts of this case bring the policy squarely within the supreme court's decision as set forth in Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 18} In Scott-Pontzer, the insurance policy at issue referred to only the corporate entity as the "insured." The supreme court stated that it would be "nonsensical" to limit protection to only the corporate entity, which cannot itself either occupy or operate a motor vehicle, let alone suffer bodily injury in a motor vehicle accident. Coverage thus is "meaningless" unless it "extends to some person or persons — including the corporation's employees."
 {¶ 19} Steadfast's coverage in the policy at issue extended not only to the named corporate entity, but also to two individual classes of persons, viz., four specific people[4] and, in addition, employees who operated the corporate entity's motor vehicles while either "in the course of [their] employment" or "performing services related to the conduct" of the entity's business.
 {¶ 20} These provisions provide meaning to the word "you;" thus, the policy is not ambiguous. White v. Am. Manufacturers Mut. Ins. Co.
(Aug. 9, 2002), Montgomery App. No. 19206[5]; Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189; see also, Chaney v. Acceleration LifeIns. Co. (Dec. 18, 2001), Franklin App. No. 01AP-692; cf., Robert w.Horvath (Feb. 6, 2002), Wayne App. No. 01CA0031.
 {¶ 21} Following the precedent set forth in Scott-Pontzer, therefore, this court finds it unnecessary further to analyze the policy's terms. Cf., Martinez v. Travelers Ins. Co. (Apr. 24, 2002), Summit App. No. 20796; Roper v. State Auto. Mut. Ins. Co.(June 28, 2002), Hamilton App. No. C-010117.
 {¶ 22} Since the trial court employed the appropriate analysis, it did not err in concluding appellant did not qualify as an "insured" under Steadfast's CGL policy. Cox v. State Farm Fire Cas. Co. (June 10, 2002), Licking App. No. 2001CA00117.
 {¶ 23} Accordingly, appellant's assignment of error is overruled.
 {¶ 24} The trial court's decision is affirmed in its entirety.
TERRENCE O'DONNELL, J. CONCURS.
 JAMES J. SWEENEY, J., CONCURRING WITH CROSS APPEAL; CONCURRING INJUDGMENT ONLY WITH DIRECT APPEAL.
[1] This court notes that the version of R.C. 3937.18 at issue in Selander applies to this case as well.
[2] Steadfast's argument regarding the proper choice of law applicable to the policy was not raised in the trial court. Therefore, this court will not address it. Kalish v. TransWorld Airlines (1977),50 Ohio St.2d 73.
[3] Appellant cites Shropshire v. EMC/Hamilton Mut. Ins. Co. (Oct. 5, 2001), Montgomery App. Nos. 18803 18814 and Demetry v. Kim (1991),72 Ohio App.3d 692.
[4] Three men and one woman were named as insureds.
[5] This effectively removes the authority appellant seeks to imply from Shropshire.