JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellants Susan Bertram, Rebecca Bertram and Matthew Bertram.[1] (hereafter Bertram or appellant) appeal from the trial court's decision granting the motion for summary judgment filed by the defendant-appellee West American Ins. Co. (West). The appellant seeks insurance coverage under the commercial business owner's policy issued by the appellee to Susan Bertram's employer.
 {¶ 2} The appellant's complaint states that on March 12, 1999, Susan Bertram was injured in a motor vehicle accident caused by Doreen Hupscher. Hupscher was insured under a policy with a per accident limit of $100,000. At the time of the accident, Ms. Bertram was employed by Eastlake Engine Transmission, Inc. Eastlake is in the business of operating an automobile service garage and is insured by the appellee under a policy effective from April 1, 1998 to April 1, 1999. The appellant asserts that this policy provides uninsured/underinsured motorists coverage of one million dollars as a matter of law. The parties do agree that there was never any offer or rejection of UM/UIM insurance coverage with respect to this policy.
 {¶ 3} On the declarations page of the policy in question, it states that there is liability coverage for vehicles described later in the policy under section "29." In the policy the numerical symbol is defined as:
 {¶ 4} NON-OWNED "AUTOS" USED IN YOUR GARAGE BUSINESS. Any "auto" you do not own lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your employees or partners or members of their households while used in your garage business.
 {¶ 5} The appellant sets forth two assignments of error both requiring an analysis under Civ.R. 56. This court reviews the lower court's grant of summary judgment de novo. Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as the trial court. Zaslov v. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993),67 Ohio St.3d 337, citing to Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, and Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. SeeCelotex Corp. v. Catrett (1986), 477 U.S, 317, 323.
 {¶ 6} In the first assignment of error, the appellant argues that the appellee failed to attach evidence supporting its motion for summary judgment which establishes the effective date of the insurance policy. The appellant posits that the effective date of the policy is required in order to determine which version of R.C. 3937.18(L) is applicable, the pre September 3, 1997 version or the post H.B. 261 version effective on September 3, 1997.
 {¶ 7} The appellant cites to Wolfe v. Wolfe, 88 Ohio St.3d 246,2000-Ohio-322, 725 N.E.2d 261, syllabus one, for the proposition that every automobile liability policy issued must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39. The appellant argues that it was the appellee's burden to provide evidence of when this two-year period began for the policy under which she seeks coverage. Without the original commencement date of the policy, it is not possible to determine when the successive two-year periods begin and end, and therefore not possible to determine which version of R.C. 3937.18(L) statute applies.
 {¶ 8} The appellee asserts that the two-year rule arises out of R.C. 3937.31(A) and applies only to automobile insurance policies, and thus, is not applicable to the garage operation hazards policy issued to Eastlake Engine Transmission.
 {¶ 9} The legislature defined the term "automobile insurance policy" in R.C. 3937.30[2] as follows:
 {¶ 10} "As used in sections 3937.30 to 3937.39 of the Revised Code, "automobile insurance policy" means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 11} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
 {¶ 12} "(B) Insures as named insured, any of the following:
 {¶ 13} "(1) Any one person;
 {¶ 14} "(2) A husband and wife resident in the same household;
 {¶ 15} "(3) Either a husband or a wife who reside[s] in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
 {¶ 16} "(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;
 {¶ 17} "(D) Does not insure more than four motor vehicles;
 {¶ 18} "(E) Does not cover garage, automobile sales agency, repair shop, service station, or public parking operation hazards;
 {¶ 19} "(F) Is not issued under an assigned risk plan pursuant to section 4509.70 of the Revised Code."
 {¶ 20} The appellee simply points out that R.C. 3937.30(E) specifically states that an insurance policy covering a garage or repair shop is not an "automobile insurance policy."
 {¶ 21} While no cases directly on point were located, this court is forced to conclude that the appellee has correctly read and applied R.C. 3937.30(E). The commercial business owner's policy at issue in the matter now before this court was issued to provide coverage to an automobile service garage. The statute states that an "automobile insurance policy" is not one issued to cover such a business. The legislature has therefore determined that coverage issued to an automobile service garage is not considered to be an automobile insurance policy. There was no requirement for either party to produce evidence of the applicable two-year period required under Wolfe v. Wolfe for an automobile insurance policy since the policy at issue does not fall within the category of policies to which Wolfe applies.
 {¶ 22} The appellant's first assignment of error is overruled.
 {¶ 23} In the second assignment of error, the appellant asserts that language of R.C. 3937.18(L)(1) enacted by S.B. 261 and effective September 3, 1997, does not eliminate UM/UIM coverage as a matter of law where the policy in question provides for coverage of "hired and nonowned" vehicles.
 {¶ 24} This court begins its discussion by noting that R.C. 3937.18
provides that no automobile liability or motor vehicle liability policy shall be offered unless it contains uninsured and underinsured motorist coverage. The offering of this coverage is mandatory; however, an insured may reject the coverage. The subsection in question in this matter is R.C. 3937.18(L)(1). The version in effect during the policy period states:
 {¶ 25} "(L) As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 {¶ 26} "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance
 {¶ 27} "(2) Any umbrella liability policy of insurance."[3]
 {¶ 28} The language in this statute under contention here is the use of the words "specifically identified." The appellant asserts that this language means only that the automobiles in the policy have to fit the description of any auto not owned, leased, hired, rented or borrowed by Eastlake, that is, used in connection with Eastlake's garage business is a covered auto — including autos owned by Eastlake's employees, partners or members of their household's while used in Eastlake's garage business. In contrast, the appellee states that the words "specifically identified" must be interpreted to mean those automobiles which have been precisely, particularly and individually identified in the policy.
 {¶ 29} Several appellate courts have reviewed, under various circumstances, whether or not R.C. 3937.18(L)(1), as enacted by S.B. 261, requires insurance policies to precisely, particularly and individually identify certain automobiles in a policy in order that the policy be considered an automobile liability insurance policy. These courts have all concluded that automobiles must indeed be precisely, particularly and individually identified in the policy. See Dixon v.Professional Staff Mgt., Franklin App. No. 01AP-1332, 2002-Ohio-4493;Jump v. Nationwide Mutual Ins. Co., Montgomery App. No. 18880, 2001-Ohio-1699; Burkholder v. German Mutual Ins. Co., Lucas App. No. L-01-1413, 2002-Ohio-1184, appeal accedted for review at96 Ohio St.3d 1455, 2002-Ohio-3819, 772 N.E.2d 125; Gilcreast-Hill v.Ohio Farmers Ins. Co., Summit App. No. 20983, 2002-Ohio-4524; Barry v.Cincinnati Ins. Cos., Franklin App. No. 01AP-1437, 2002-Ohio-4898;Reffitt v. State Auto. Mut. Ins. Co., Allen App. No. 1-02-38, 2002-Ohio-4885; Lane v. State Auto. Ins. Cos., Miami App. No. 2002-CA-10, 2002-Ohio-5128; Ryan v. Smith, Crawford App. No. 3002-17, 2002-Ohio-5581 and, De Uzhca v. Durham, Montgomery App. No. 19106, 2002-Ohio-4950[4].
 {¶ 30} For support of its assertion, the appellant cites toSelander v. Erie Insurance Group (1999), 85 Ohio St.3d 541,1999-Ohio-287, 709 N.E.2d 1161, holding where that motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided. The court also held that where the policy expressly provides liability coverage for "non-owned" vehicles it is sufficient to satisfy the requirement of R.C.3937.18 even though the vehicles are not specifically identified. This court must emphasize that in a footnote the Selander court noted that version of R.C. 3937.18 enacted by H.B. 261 was not in effect and was inapplicable to the decision[5]. Thus, Selander is distinguishable because while the court was presented with a similar question, the decision hinged on an entirely different version of the statute.
 {¶ 31} The appellant also cites to Davis v. State Farm Fire andCas. Co., Franklin App. No. 00Ap-1458, 2001-Ohio-8884, appeal not accepted for review in 95 Ohio St.3d 1458, 2002-Ohio-2230, 767 N.E.2d 1177, where the court held that the policy it was interpreting specifically identifies motor vehicles owned or operated by or rented or loaned to appellant as being covered under the exception to the exclusion applying to residence employees. The court specifically stated that it did not believe, by using the word "specified," that the legislature intended to require makes, models and serial numbers.
 {¶ 32} However, in Lane v. State Auto. Ins. Cos., Miami App. No. 2002-CA-10, 2002-Ohio-5128, the court cited to Gilcreast-Hill, 2002 Ohio 4524, P23 and noted that the Ninth District explicitly rejected the reasoning of the Tenth District Court of Appeals on this issue as unpersuasive. See also Gilcreast-Hill v. Ohio Farmers Ins. Co., Summit App. No. 20983, 2002-Ohio-4524, also finding the reasoning unpersuasive. In Barry v. Cincinnati Ins. Cos., Franklin App. No. 01AP-1437, 2002-Ohio-4898, the court stated that it was not guided in the analysis of this question by the dicta in Davis v. State Farm Fire Cas.Co., Franklin App. No. 00 AP-1458, 2001-Ohio-8884, in which it suggested that R.C. 3937.18(L)(1) did not require the makes, models and serial numbers of motor vehicles.
 {¶ 33} While there seems to be a difference of opinion in the appellate courts of Ohio, this court finds that the reasoning set forth inJump, Burkholder, Gilcreast, Berry, Reffit, Lane, Ryan and De Uzhca as set forth is more persuasive. The policy under consideration here is a commercial business owners policy which did not precisely, particularly and individually identify any automobiles to be provided liability insurance coverage. R.C. 3937.18(L)(1) requires specific identification of automobiles to be covered in order that the policy be deemed one of automobile liability insurance. Where, as here, such specific detail is absent from the policy, the policy does not fall within the parameters of R.C. 3937.18(L)(1).
 {¶ 34} The appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
MICHAEL J. CORRIGAN, J., and FRANK D. CELEBREZZE, Jr., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] At the time of the accident, Rebecca Bertram and Matthew Bertram were minor children living with their mother, Susan Bertram.
[2] R.C. 3937.30 became effective October 6, 1980 and has remained unchanged.
[3] Both parties agree that R.C. 3937.18(L)(2) is not at issue in this instance.
[4] Discretionary appeal allowed in 2002-Ohio-4950. Cause consolidated with Geren v. Westfield Ins. Co., Lucas App. No. L-01-1398, 2002-Ohio-1230.
[5] Likewise, the court in Davidson v. Motorists Mut. Ins. Co.,91 Ohio St.3d 262, 2001-Ohio-36, 744 N.E.2d 713, the court considered a case arising out of a policy issued prior to the changes enacted in the legislature to R.C. 3937.18.