OPINION
{¶ 1} Appellant, Matthew Governale, appeals the decision of the Warren County Court of Common Pleas granting summary judgment to appellees, Zurich American Insurance Co., Cole National Corp., and Cole Vision Corp. We affirm the trial court's decision.
 {¶ 2} Appellant was injured in an automobile accident in August 2000 while traveling south on Interstate 75 in Warren County. A vehicle traveling northbound driven by Brad Sprecher crossed the median and struck a vehicle traveling southbound driven by Steven Miller. Miller, in an attempt to evade Sprecher's vehicle, swerved into appellant's vehicle, sending appellant's vehicle into the path of a tractor-trailer driven by Glenn Wilson.
 {¶ 3} Appellant was an employee of Cole Vision at the time of the accident. Appellant was not acting within the scope of his employment and was operating a vehicle that he owned. In December 2000, appellant brought an action against Cole Vision, Cole National, and Zurich.[1]
Appellant claimed that he was entitled to uninsured/underinsured motorist ("UM/UIM") coverage under insurance policies issued by Zurich to Cole National that included Cole Vision as an insured. Appellant's legal theory was based on the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 4} Appellant and appellees filed motions for summary judgment. In May 2002, the trial court granted appellees' summary judgment motions and denied appellant's summary judgment
motion. Appellant appeals the trial court's decision, assigning three errors.
Assignment of Error No. 1
 {¶ 5} "The trial court erred by refusing to follow Scott Pontzer v. Liberty Mutual Fire Insurance Co. (1999), 85 Ohio St.3d 660 and granting the motion for summary judgment of defendant Zurich American Insurance Company as to its business auto policy."
 {¶ 6} In this assignment of error, appellant argues that he is entitled to UM/UIM coverage under Zurich's commercial auto insurance policy with Cole National. He argues that Scott-Pontzer mandates such a result. Therefore, appellant contends, the trial court erred in granting summary judgment in favor of appellees.
 {¶ 7} Summary judgment is to be granted only when there is no material issue of fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in its favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 8} In Zurich's commercial auto insurance policy with Cole National, the uninsured motorist coverage endorsement reads as follows:
 {¶ 9} "B. Who Is An Insured
 {¶ 10} "1. If the Named Insured is designated in the Declarations as:
 {¶ 11} "* * *
 {¶ 12} "b. A partnership, limited liability company, corporation or any other form of organization, then * * * the following are `insureds':
 {¶ 13} "(1) Anyone occupying a covered `auto' * * *.
 {¶ 14} "(2) Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'." Therefore, under Cole National's policy with Zurich, "anyone occupying a covered auto" is an insured entitled to UM/UIM coverage.
 {¶ 15} Zurich's commercial auto policy indicates that "covered autos" for UM/UIM purposes are "only those autos you own." (Emphasis added.) The following words are also stated in the policy: "Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations." "Cole National Corporation" is the sole named insured in the Common Policy Declarations. Therefore, based on the clear language of Zurich's policy, only someone who is occupying an automobile owned by Cole National is entitled to UM/UIM coverage.
 {¶ 16} Additionally, the policy contains the following exclusion:
 {¶ 17} "C. Exclusions
 {¶ 18} "This insurance does not apply to:
 {¶ 19} "* * *
 {¶ 20} "(6) Anyone occupying or using an auto which is not a covered "auto" while used outside the scope of the Named Insured's business."
 {¶ 21} This exclusion further emphasizes that the policy does not extend UM/UIM coverage to those operating automobiles not owned by Cole National and being used outside the scope of a person's employment with Cole National.
 {¶ 22} It is undisputed that appellant was not operating an automobile owned by Cole National and not operating an automobile within the scope of his employment at the time of the accident. Therefore, based on the clear language of Zurich's policy with Cole National, appellant is not entitled to UM/UIM coverage under that policy. Appellant is simply not an insured under the policy.
 {¶ 23} Appellant argues that he is entitled to UM/UIM coverage under the Ohio Supreme Court's holding in Scott-Pontzer. We disagree because the policy language in that case was significantly different than the policy language in this case.
 {¶ 24} Scott-Pontzer involved a commercial automobile liability policy issued by Liberty Fire Insurance Company ("Liberty Fire") to Superior Dairy, Inc. ("Superior Dairy"). The policy in that case defined "insured" for the purposes of UM/UIM coverage as follows:
 {¶ 25} "B. Who is Insured
 {¶ 26} "1. You.
 {¶ 27} "2. If you are an individual, any family member.
 {¶ 28} "3. Anyone else occupying a covered auto[.]
 {¶ 29} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured."
 {¶ 30} The named insured in the policy was Superior Dairy. The court found that "you" was ambiguous and should be interpreted to include Superior Dairy's employees as insureds because "a corporation can act only by and through real live persons." Scott-Pontzer,85 Ohio St.3d at 664. The court reasoned that "[i]t would be nonsensical to limit [UM/UIM] protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Id.
 {¶ 31} The policy language in this case does not suffer from the same ambiguity or lead to similar "nonsensical" possibilities. The policy does not define the insured for UM/UIM purposes as "you," but rather, "anyone operating a covered auto." "Covered autos" are defined as "only those autos you own." (Emphasis added). The policy states that, throughout the policy, "you" means the named insured, Cole National. Thus, the meaning of "you" is not ambiguous. Additionally, interpreting "you" within the phrase "only those autos you own" to mean solely the corporate entity, as the policy language directs the reader to do, is neither meaningless nor nonsensical, but, to the contrary, quite reasonable. While a corporation itself cannot occupy an automobile, suffer bodily injury or death, or operate an automobile (as theScott-Pontzer court noted), a corporation can surely own an automobile. The policy is clear: it extends UM/UIM coverage only to those operating automobiles owned by Cole National.
 {¶ 32} Therefore, because appellant was driving an automobile owned by himself and not Cole National, he is not entitled to UM/UIM coverage under the commercial auto insurance policy issued by Zurich to Cole National. Appellant is not an insured under the policy. The trial court did not err in granting the summary judgment motions of appellees, and denying appellant's summary judgment motion. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 33} "The trial court erred in granting summary judgment to Cole as there remained a genuine issue of fact and law as to whether Cole National had validly reduced UM/UIM coverage under Ohio law."
 {¶ 34} We have already found that appellant is not an insured under Zurich's commercial auto insurance policy and is consequently not entitled to UM/UIM coverage under that policy. Therefore, regardless of whether Cole National validly reduced UM/UIM coverage under Ohio law, appellant's claim under the insurance contract fails. Accordingly, we overrule appellant's second assignment of error as moot.
Assignment of Error No. 3
 {¶ 35} "The trial court erred in finding that the commercial general liability policy of the defendant Zurich American Insurance Company did not provide plaintiff with uninsured motorist coverage."
 {¶ 36} In this assignment of error, appellant argues that he is entitled to UM/UIM coverage under a commercial general liability insurance policy issued by Zurich to Cole National.
 {¶ 37} The commercial general liability policy states as follows:
 {¶ 38} "2. Exclusions
 {¶ 39} "This insurance does not apply to:
 {¶ 40} "* * *
 {¶ 41} "g. Aircraft, Auto Or Watercraft
 {¶ 42} "`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. * * *.
 {¶ 43} "This exclusion does not apply to:
 {¶ 44} "* * *
 {¶ 45} "(3) Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured."
 {¶ 46} Appellant argues that because the policy offers a limited form of insurance coverage for motor vehicles, Zurich was required to provide UM/UIM coverage pursuant to R.C. 3937.18. Appellant cites Selanderv. Erie Ins. Group, 85 Ohio St.3d 541, 1999-Ohio-287, in support of his argument. In granting summary judgment to appellees, the trial court relied on the Ohio Supreme Court's decision in Davidson v. MotoristsMut. Ins. Co., 91 Ohio St.3d 262, 2001-Ohio-36.
 {¶ 47} We agree with the trial court and find that Davidson
precludes coverage in this case. In Davidson, the court held the following: "A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirements of * * * R.C. 3937.18 to offer [UM/UIM] coverage."Davidson, 91 Ohio St.3d at the syllabus. Like the homeowner's policy inDavidson, the commercial general liability policy in this case does not contemplate providing coverage for accidents involving automobiles traveling on public highways. The policy only contemplates limited coverage, specifically to incidents involving the parking of automobiles near Cole National's business. We cannot say that this limited coverage transforms the commercial general liability policy into an automobile liability policy subject to the requirements of R.C. 3937.18. See DeUzhcav. Derham (Apr. 5, 2002), Montgomery App. No. 19106; Gilcreast-Hill v.Ohio Farmers Ins. Co., Summit App. No. 20983, 2002-Ohio-4524, at ¶ 28; Devore v. Richmond, Wood App. No. WD-01-044, 2002-Ohio-3965, at ¶ 47.
 {¶ 48} Further, Selander is distinguishable from this case. InSelander, coverage for those operating vehicles on public highways was contemplated in the insurance contract. The coverage provided by the policy was not limited merely to vehicles parking near the insured's business, but extended to claims arising out of the use of hired or "non-owned" automobiles, which would be driven on public highways. See id. at 544.
 {¶ 49} Accordingly, we overrule appellant's third assignment of error on the basis of Davidson.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant also sued Brad Sprecher, Steven Miller, Glenn Wilson and their insurance carriers. Appellant settled his claim against Sprecher and voluntarily dismissed all of his other claims.