THORLEY, APPELLANT, *v.* AMERICAN STATES PREFERRED ET AL.; WESTFIELD INSURANCE COMPANY, APPELLEE.

[Cite as *Thorley v. Am. States Preferred,* 98 Ohio St.3d 493, 2003-Ohio-2148.]

(No. 2002–0753—Submitted April 16, 2003—Decided May 7, 2003.)

———

{¶ 1} Sua sponte, the judgment of the court of appeals is summarily reversed pursuant to *Ferrando v. Auto–Owners Mut. Ins. Co.,* 98 Ohio St.3d 186, 2002-

Ohio-7217, 781 N.E.2d 927. This cause is remanded to the trial court to consider whether the insurer was prejudiced under *Ferrando*.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., dissents.

COOK, J., not participating.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent from the majority's decision to remand this case for an analysis of prejudice under *Ferrando v. Auto–Owners Mut. Ins. Co.*, 98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. I dissented from paragraph two of the *Ferrando* syllabus, in which the court merely presumed the prejudicial effect of an insured's breach of a subrogation provision in an insurance policy. Id. at ¶ 105. I believe that an insured's breach of a subrogation-related provision of an insurance policy is per se prejudicial. There is no need for the additional time and expense of a factual inquiry into the issue. This is particularly so in a *Scott–Pontzer* case, in which a party may be asserting an extremely stale claim or one in which the possibility of collection from the tortfeasor never existed and therefore the usual issues of the insurer's refusal to defend or participate never arose. See *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 3} As I explained in *Ferrando*, the rights of the insurer are actually prejudiced by the breach of a consent-to-settle or subrogation provision of an insurance policy. Since the tortfeasor has been released from further liability, it is my opinion that any inquiry is a useless exercise that merely prolongs the tortuous routes created by *Scott–Pontzer*.

{¶ 4} Therefore, for the foregoing reasons, I respectfully dissent.

_____

Lawrence J. Scanlon and Michael J. Elliott, for appellant.

Davis & Young, David G. Utley and Susan F. Houlihan, for appellee.

Elk & Elk Co., L.P.A., and Todd O. Rosenberg, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.