OPINION
{¶ 1} Plaintiff-appellant, Louella Walker, Administrator of the estate of Kimberly Walker ("Estate"), appeals the decision of the Butler County Court of Common Pleas granting the summary judgment motions of Hartford Fire Insurance Company ("Hartford") and RLI Insurance Company ("RLI") in an uninsured motorist claim. We affirm the decision in part, and reverse and remand in part for further proceedings.
 {¶ 2} Kimberly Walker was employed by Meijer Department Store ("Meijer"). On June 7, 1993, Kimberly, while not in the course of her employment with Meijer, was fatally injured in a collision while a passenger in an automobile. The automobile was negligently operated by Michael Spencer, an uninsured motorist. The Estate filed a civil wrongful death action against Spencer in 1995. He failed to answer or respond, and a default judgment was entered against him on December 29, 1995.
 {¶ 3} Meijer was insured pursuant to a business auto liability policy issued by Hartford. This policy provided uninsured/ underinsured motorist ("UM/UIM") coverage in the amount of $1,000,000. Meijer also carried a commercial general liability ("CGL") policy at the time of the accident through RLI with coverage in the amount of $1,000,000. The RLI policy contained no UM/UIM coverage.
 {¶ 4} In March of 2001, the Estate informed Hartford and RLI of its intention to file claims against them. In June of 2001, the Estate filed complaints against Hartford and RLI. In May of 2002, the Estate moved for summary judgment against both Hartford and RLI, while RLI moved for summary judgment against the Estate. In June of 2002, Hartford moved for summary judgment against the Estate.
 {¶ 5} After an August 9, 2002 hearing, the trial court granted summary judgment in favor of both Hartford and RLI. It found that Walker was not an insured under the Hartford policy and that the RLI policy was not a motor vehicle policy, and therefore Walker had no UM/UIM coverage available. The Estate appeals the trial court's decisions raising two assignments of error. Hartford has raised a cross-assignment of error pursuant to R.C. 2505.22.[1] We will address Hartford's cross-assignment of error after we address the Estate's first assignment of error.
Assignment of Error No. 1
 {¶ 6} "The trial court erred when it found that appellant does not qualify as an insured under the motor vehicle insurance policy issued by Hartford to Meijer."
 {¶ 7} The Estate maintains that the trial court erred in granting summary judgment in favor of Hartford because Walker was an insured under Meijer's Hartford policy. It maintains that pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-293, the policy would include Walker because it ambiguously defines "you" as the named insured, Meijer.
 {¶ 8} An appellate court's review of a summary judgment decision is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Under a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); WelcoIndustries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344, 346.
 {¶ 9} The Hartford policy lists Walker's employer, Meijer, as the named insured. The Ohio Uninsured Motorists Coverage endorsement contains language as to who is an insured similar to that which was found to be ambiguous by the court in Scott-Pontzer. Hartford argues that the Drive Other Car Coverage ("DOCC") endorsement rids the policy of ambiguity as to who is an insured under the policy. The DOCC lists several individual Meijer employees as insureds, however Walker was not one of those named in the DOCC.
 {¶ 10} As we found in Reichardt v. National Surety Corp., Clermont App. Nos. CA2002-02-017 and CA2002-02-018, 2002-Ohio-5143, "a DOCC endorsement does not eliminate the ambiguity defined in Scott-Pontzer. * * * The continued inclusion of the corporation as a named insured allows the same interpretation rendered in Scott-Pontzer, to wit: the policy extends coverage to all of the corporation's employees, `since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle.'" Id. at ¶ 17. The insurance policy contained an ambiguous definition of "you" even though the DOCC endorsement named individual Meijer employees as insureds. The Estate's argument is well-taken.
 {¶ 11} Following the reasoning in Reichardt, supra, we sustain the Estate's first assignment of error.
Hartford's Cross-Assignment of Error No. 1
 {¶ 12} "The trial court erred in failing to decide that appellant failed to provide prompt notice of the accident, claim or loss and, therefore, breached the conditions precedent to coverage."
 {¶ 13} Hartford argues that even if this court determines that Walker was an insured under the policy, the Estate breached notice and subrogation provisions found within the contract by waiting nearly eight years before making its claim. They assert that they were prejudiced by these breaches.
 {¶ 14} The question is not properly before us at this time. Whether Hartford was prejudiced by these breaches is a question of fact for the trial court's determination. Ferrando v. Auto-Owners Mut. Ins.Co., 98 Ohio St.3d 186, 2002-Ohio-7217. We decline to address this issue because the lower court has not yet ruled upon it. Cincinnati Ins. Co.v. Estate of McCain, 98 Ohio St.3d 492, 2003-Ohio-2147. We remand this cause so that the trial court may consider whether Hartford was prejudiced by Walker's failure of notice.
Assignment of Error No. 2
 {¶ 15} "The trial court erred when it held that the RLI Insurance policy issued to Meijer was not a motor vehicle liability policy and therefore RLI was not required to offer uninsured/underinsured motorist coverage pursuant to R.C. § 3937.18."
 {¶ 16} The Estate maintains that it is entitled to UM/UIM coverage under the CGL insurance policy issued by RLI to Meijer.
 {¶ 17} The CGL policy contains the following language:
 {¶ 18} "Section III — Exclusions
 {¶ 19} "g. Bodily injury or property damage
 {¶ 20} "* * *
 {¶ 21} "(3) arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and loading or unloading. This exclusion does not apply to:
 {¶ 22} "* * *
 {¶ 23} "(c) Parking an auto on, or on the ways next to premises you own or rent, provided the auto is not owned by or rented or loaned to you or any insured;
 {¶ 24} "(d) Bodily injury or property damage arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of mobile equipment."
 {¶ 25} The mobile equipment referred to above is defined as:
 {¶ 26} "(f) Vehicles not described in a., b., c. or d. above and maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not mobile equipment but will be considered autos:
 {¶ 27} "* * *
 {¶ 28} "(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
 {¶ 29} "(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment."
 {¶ 30} The Estate cites Selander v. Erie Ins. Group,85 Ohio St.3d 541, 1999-Ohio-287, for the proposition that the CGL policy provides a limited form of insurance for motor vehicles and therefore pursuant to R.C. 3937.18 requires RLI to offer UM/UIM coverage. Because UM/UIM coverage was not offered, the Estate argues it arises by operation of law. RLI contends that this policy is similar to a homeowner's insurance policy that provides limited automobile coverage for which an insurance company does not have to offer UM/UIM coverage. We agree with RLI's contention.
 {¶ 31} The Ohio Supreme Court addressed the issue of when a limited liability policy for vehicles is considered an automobile liability policy for which UM/UIM coverage must be offered. "A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirements of former R.C.3937.18 to offer [UM/UIM] coverage." Davidson v. Motorists Mutual Ins.Co., 91 Ohio St.3d 262, 2001-Ohio-36, syllabus.
 {¶ 32} The Court distinguished Selander in Davidson, noting that it expressly provided coverage for "automobiles that were used and operated on public roads." Id. at 267. The intent of the CGL policy in this case is to protect those who are injured on the premises, not those who travel on the public roadways in automobiles. It provides coverage only for the parking of vehicles not owned by the insured. This limited coverage does not transform a CGL policy into an automobile liability policy subject to R.C. 3937.18. See Szekers v. State Farm Fire Cas.Co., Licking App. No. 02CA00004, 2002-Ohio-5989.
 {¶ 33} RLI's CGL policy also includes a mobile equipment provision. This equipment is designed for off-road use and use on Meijer's premises. It is incidental coverage and more like a homeowner's insurance policy than an automobile liability policy. It applies, not because an automobile or truck is involved, but because of the type of equipment attached to the automobile or truck. Heidt v. Federal Ins. Co., Stark App. No. 2002-CA00314, 2003-Ohio-1785, ¶ 34. These vehicles are not meant to transport people on public roads, but to provide a service on the insured's premises.
 {¶ 34} Moreover, the CGL policy states that "mobile equipment" are to be considered autos. Pursuant to "SECTION III — EXCLUSIONS," autos are excluded from coverage for bodily injury or property damage. Therefore, the mobile equipment provision does not convert the CGL policy into an automobile liability policy for which UM/UIM coverage must be offered pursuant to R.C. 3937.18. Id.
 {¶ 35} Accordingly, we overrule the Estate's second assignment of error.
 {¶ 36} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and YOUNG, J., concur.
[1] R.C. 2505.22 states in pertinent part, "[i]n connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part."