OPINION
{¶ 1} This is an appeal of the October 31, 2002, Judgment Entry by the trial court granting Plaintiff's Motion for Partial Summary Judgment and denying Defendant's Motion for Summary Judgment.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On July 12, 1988, Rhonda Moorhead was involved in a motor vehicle accident caused by the negligence of one McLoy Mayle which resulted in her death.
 {¶ 3} Appellee filed a wrongful death claim which ultimately resulted in a settlement with the tortfeasor's insurance carrier of $350,000.
 {¶ 4} At the time of the accident, Mrs. Moorhead was employed by the Canton City Board of Education, which was insured under two policies of insurance with Nationwide Mutual Fire Insurance Company: a Business Auto Policy and a School District Liability Policy.
 {¶ 5} It is undisputed that Appellee did not notify Nationwide of his intent to settle claims against the tortfeasor and his insurer.
 {¶ 6} It is further undisputed that Appellee did not obtain consent of Nationwide for same.
 {¶ 7} The Canton City Board of Education first received notice of Appellee's intent to present a UIM claim under the Board's insurance coverage on January 29, 2002.
 {¶ 8} On June 7, 2002, Appellee filed a Complaint against Nationwide, with an amended complaint being filed subsequently.
 {¶ 9} Appellant filed an Answer with a counterclaim for declaratory judgment relief.
 {¶ 10} Both parties filed Motions for Summary Judgment.
 {¶ 11} On October 31, 2002, the trial court granted Plaintiff's Motion for Partial Summary Judgment and denied Defendant's Motion for Summary Judgment.
 {¶ 12} It is from this decision which Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 13} "I. THE TRIAL COURT ERRED IN APPLYING SCOTT-PONTZER TO SCHOOL DISTRICT INSURANCE POLICIES AND RULING THAT APPELLEE'S DECEDENT, RHONDA J. MOORHEAD, WAS AN INSURED FOR PURPOSES OF UNDERINSURED MOTORIST COVEREAGE UNDER THE NATIONWIDE POLICIES."
 {¶ 14} "II. THE TRIAL COURT ERRED IN RULING THAT APPELLEE WAS ENTITLED TO UNDERINSURED MOTORIST COVERAGE UNDER THE SCHOOL DISTRICT LIABILITY POLICY."
 {¶ 15} "III. THE TRIAL COURT ERRED IN RULING THAT SINCE COVERAGE WAS BEING IMPOSED BY OPERATION OF LAW, NONE OF THE POLICY LANGUAGE, INCLUDING SUBROGATION RIGHTS, BREACH OF NOTICE AND SETTLEMENT WITHOUT CONSENT, WOULD APPLY."
 {¶ 16} SUMMARY JUDGMENT STANDARD
 {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 18} Civ.R. 56(C) states, in pertinent part:
 {¶ 19} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 20} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 21} It is based upon this standard we review appellant's assignment of error.
 I. {¶ 22} Appellant, in its first assignment of error, argues that the trial court erred in holding that Scott-Pontzer applies to school district insurance policies. We disagree.
 {¶ 23} We find our decision in Westfield Insurance Company v.Wausau Business Insurance Company (December 30, 2002), Stark App. Nos. 2002CA00138 and 2002CA00150, to be controlling sub judice.
 {¶ 24} In Westfield, supra, we found the rationale ofScott-Pontzer, pursuant to which an employee may recover under the uninsured/underinsured motorist (UM/UIM) coverage of his employer's commercial automobile liability policy, even though employee was not acting in scope of employment at time of his accident, was applicable to liability insurance policies issued to a school district that employed deceased automobile passenger's parents.
 {¶ 25} We find the rationale of this case is in accordance with decisions from other districts. See, Mizen v. Utica National InsuranceGroup, 147 Ohio App.3d 274, 2002-Ohio-37; Allen v. Johnson, Wayne App. No. 01CA0046, 2002-Ohio-3404; Roberts v. Wausau Business InsuranceCompany, 149 Ohio App.3d 612, 2002-Ohio-4734.
 {¶ 26} Appellant's first assignment of error is denied.
 II. {¶ 27} In its second assignment of error, Appellant argues that the trial court erred in finding that Appellee was entitled to UIM coverage under the school district liability policy. We agree.
 {¶ 28} The Nationwide school district liability policy provides for the following specific exclusions subsection B:
 {¶ 29} "B. To any liability arising from the ownership, operation, maintenance or use of any owned or non-owned automobile (including any and all activities of Driver Education Classes), motorcycle, midget automobiles, go-cart, golf cart, motor driven bicycle, tractor, snowmobile or any vehicle operated on rail or crawler-treads, watercraft or aircraft. This exclusion shall not apply to:
 {¶ 30} "1. On premises activities which are necessary or incidental to an automobile vocational technical class forming a regular part of the school's instructional program.
 {¶ 31} "2. On premises, or between premises, use of golf carts or tractors.
 {¶ 32} "3. Any watercraft under twenty-six (26) feet in length provided such watercraft "
 {¶ 33} Based upon the exceptions to the exclusions, the question is whether "an automobile vocational technical class" or "golf cart or tractors" make the Nationwide policy a "motor vehicle liability policy" pursuant to R.C. 3937.18.
 {¶ 34} In Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262,2001-Ohio-36, a pre-H.B. 261 case, the Ohio Supreme Court held that a homeowner's insurance policy that provided limited liability coverage for vehicles that were not subject to motor vehicle registration and that were not intended to be used on a public highway was not a motor vehicle liability policy subject to statutory requirement to offer UM/UIM coverage. Id. at syllabus. The Court further explained that " * * * UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration. Id. at 267,744 N.E.2d 713.
 {¶ 35} Based on our previous decisions in Szekeres v. State FarmFire Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989, Pickettv. Ohio Farmers Ins. Co., Stark App. Nos. 2001CA00227, 2001CA00236,2002-Ohio-259, Jett v. State Auto. Mut. Ins. Co., Stark App. No. 2002CA00183, 2002-Ohio-7211 andHillyer v. State Farm Fire Cas.Co., 97 Ohio St.3d 411, 2002-Ohio-6662, we find the that the "an automobile vocational technical class" and/or "golf cart or tractors" provisions do not transform the CGL policy into a motor vehicle liability policy under the pre-H.B. 261 version of R.C. 3937.18.
 {¶ 36} We conclude that the Nationwide school district liability policy is not a motor vehicle liability policy which required the mandatory offering of UM/UIM coverage. Accordingly, such coverage does not arise, under the CGL policy, by operation of law.
 {¶ 37} We find that because the school district liability policy is not a motor vehicle liability policy of insurance, the issue of whether appellee is an insured under the policy is moot.
 {¶ 38} Appellant's second assignment of error is sustained.
 III. {¶ 39} In its third and final assignment of error, Appellant argues that the trial court erred in holding that the subrogation and notice provisions did not apply to the business auto policy. We disagree.
 {¶ 40} Having found in Appellant's first assignment of error that UIM coverage arose by operation of law in the business auto policy, we find that the notice and subrogation provisions are unenforceable. SeePelc. V. Hartford (Feb. 20, 2003), Stark App. No. 2002CA00142; Rohr v.Cincinnati Ins. Co. (March 28, 2002), Stark App. No. 2001CA00237,2002-Ohio-1583 wherein this court refused to "impute the notice and subrogation requirements to the unintended coverage provided by operation of law."; Greene v. Westfield Ins. Co. (Nov. 12, 2002), Stark App. No. 2002CA00114, 2002-Ohio-6179 and Myers v. Safeco (Feb. 18, 200), Licking App. No. 99CA00083 reversed on the authority of Davidson v. MotoristsMutual Insurance Co., 91 Ohio St.3d 262, 2001-Ohio-36, on other grounds.
 {¶ 41} In Myers, supra, this court held:
 {¶ 42} "The court in Demetry v. Kim (1991), 72 Ohio App.3d 692, rejected the concept that exclusionary provisions contained in a business liability policy applied to underinsured motorist coverage that, as in the case sub judice, was implied as a matter of law. As noted by the court in Demetry, '[t]he parties never intended underinsured coverage to be provided by the [business liability] policy. As such, there could be no negotiated exclusions intended to be implied to the underinsured coverage.' Id. at 698. The court further noted that `there is nothing, absent clear language evidencing an intent to do so, to prevent uninsured/underinsured coverage from being broader than liability coverage.' Id. Likewise, in the case sub judice, there was no language evidencing an intent to have the exclusionary provisions contained in the Safeco homeowner's policy issued to appellants apply to underinsured motorist coverage. The parties in the case sub judice never intended underinsured coverage to be provided under the Safeco policy in the first place. `As such, there could be no negotiated exclusions intended to be implied to the underinsured coverage.' Id. at 698." Myers at 10-11.
 {¶ 43} We therefore find Appellant's third assignment of error not well-taken.
 {¶ 44} The decision of the Stark County Court of Common Pleas is affirmed in part and reversed in part.
By: Boggins, J., Farmer, J., concur, and Gwin, P.J., dissents.