DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Steven Barnby and his mother Barbara ("the Barnbys"), appeal the decision of the Medina County Court of Common Pleas, which granted summary judgment in favor of appellee, National Union Fire Insurance Company of Pittsburgh, PA ("National Union").[1]
This Court affirms.
 I. {¶ 2} Appellant Steven Barnby ("Steven") is the minor son of Barbara and Richard Barnby. On September 10, 1998, Steven was run over by a pick-up truck driven by Steven Harper ("Harper") while crossing the entrance to a gas station on his way to school. Steven was both physically and mentally permanently disabled. Harper petitioned for bankruptcy protection. Steven received $100,000 from Grange Mutual Insurance Company, Harper's liability insurance carrier.
 {¶ 3} Steven's father was employed by Plasti-kote Corporation, a wholly-owned subsidiary of Valspar Corporation. National Union Fire Insurance Company of Pittsburgh PA had issued a commercial auto liability insurance policy ("CA policy"), a commercial general liability insurance policy ("GL policy"), and an umbrella/excess liability insurance policy ("BE policy") to Valspar Corporation.
 {¶ 4} The record consists of numerous filings. Therefore, this Court will limit its recitation of the procedural history to the filings relevant to the present appeal.
 {¶ 5} On April 14, 2000, the Barnbys sent a notice of claim to National Union for underinsured motorist benefits under the CA policy, GL policy, and BE policy issued to Valspar, Inc. The CA policy contained an Ohio Uninsured Motorist Endorsement. Both the CA policy and the GL policy are scheduled underlying policies to the BE policy.
 {¶ 6} On February 5, 2001, National Union issued a coverage opinion regarding the Barnbys' claim for underinsured motorist benefits demanding that the matter proceed to arbitration. The Barnbys responded to National Union's demand for arbitration on February 21, 2001. However, National Union and the Barnbys entered into a settlement and release regarding the $2 million limits of the CA policy without arbitration.
 {¶ 7} On September 10, 2001, National Union filed a motion for partial summary judgment regarding the BE policy. On September 24, 2001, The Barnbys opposed National Union's motion for partial summary judgment and filed a cross motion for summary judgment on the BE policy.
 {¶ 8} In an entry dated January 9, 2002, the trial court denied both parties' request for summary judgment.
 {¶ 9} On January 25, 2002, the Barnbys filed a second amended complaint. On March 19, 2002, National Union filed an answer and counterclaim for declaratory judgment.
 {¶ 10} On May 22, 2002, National Union filed a motion to compel arbitration of any non coverage issues in the matter. On May 28, 2002, National Union filed a motion to reconsider and/or renewed and/or supplemental motion for summary judgment and/or motion for summary judgment. On May 30, 2002, the Barnbys filed a brief in response to National Union's motion to compel arbitration, agreeing to submit to arbitration on the issue of damages. The Barnbys also filed a motion for stay of proceedings pending arbitration. The trial court ordered the matter to arbitration to be completed by October 31, 2002. The arbitrator issued an arbitration award in favor of Steven and against National Union for approximately $4 million against the BE policy.
 {¶ 11} On January 21, 2003, the Barnbys responded to National Union's filing on May 28, 2002, as well as a cross motion for summary judgment regarding the BE policy. The Barnbys also filed a motions to confirm the arbitration award and for prejudgment interest. The trial court awarded summary judgment to National Union regarding the sole issue of Steven Barnby's status as an "insured" under the BE policy.
 {¶ 12} The Barnbys timely appealed, setting forth four assignments of error for review. This Court has combined the Barnbys' four assignments of error in order to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to National Union on the basis that it had reserved the right to contest coverage under the be policy after it had completed an arbitration of Steven Barnby's damages under the be policy pursuant to the arbitration clause contained within the Ohio uninsured motorist endorsement to its CA policy."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to National Union regarding its be policy on the basis of Jones V. Gue, 2003-Ohio-358 because, unlike Jones, National Union had conceded that the terms and conditions of uninsured motorist coverage available under its be policy were controlled by the Ohio uninsured motorist endorsement of its CA policy."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in determining that National Union had reserved the right to contest the issue of Steven Barnby's insured status under the CA policy after the parties had exhausted the limits of the underinsured motorist benefits via settlement and payment to the Steven Barnby life care trust."
 FOURTH ASSIGNMENT OF ERROR
"The trial court erred in failing to rule upon appellant's motion to confirm the arbitration award."
 {¶ 13} The Barnbys' four assignments of error all stem from the assumption that Steven was entitled to underinsured motorist benefits under Valspur's insurance policies pursuant to the Supreme Court of Ohio's ruling in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 1999-Ohio-292. However, this assumption is no longer valid given the Court's holding in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Pursuant to the Court's holding inGalatis, Steven would not be entitled to underinsured motorist benefits under any of Valspur's insurance policies.
 {¶ 14} In Galatis, the Court limited its decision in Scott-Pontzer
by "restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." Id. at ¶ 2. Furthermore, the Court held:
"Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. of Am. 1999,86 Ohio St.3d 557, 1999 Ohio 124, 715 N.E.2d 1142, overruled.)" Id. at paragraph three of the syllabus.
 {¶ 15} In the present case, Steven's father was not involved in the accident that led to the filing of this action. Furthermore, Steven's father was not a named insured on Valspur's insurance policies. Therefore, Steven would not be an insured under Valspur's policies.
 {¶ 16} Having concluded that Galatis is dispositive of this appeal, this Court finds that summary judgment was properly granted in favor of National Union.
 III. {¶ 17} The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., and Baird, J., concur.
[1] This Court notes that there were several other defendants named in the action in the lower court. However, all parties other than National Union have been dismissed.