DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Nicholas and Tonya Tano appeal the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Central Mutual Insurance Company ("Central"), Western Reserve Group ("Western Reserve"),[1]
and Nationwide Mutual Insurance Company ("Nationwide"). This Court affirms.
 I. {¶ 2} On November 10, 2000, Tonya Tano was involved in a motor vehicle accident in which a vehicle being driven by Sally Starks ran a stop sign and collided with Mrs. Tano's personal vehicle. Ms. Starks' negligence caused the accident. Mrs. Tano sustained various injuries from the collision. With the consent of all three insurers involved in this appeal, Mrs. Tano settled with Go America Insurance, Ms. Starks' insurer, in exchange for a full and final release and Ms. Starks was dismissed from the underlying action.
 {¶ 3} At the time of the accident, Tonya was employed by Western Reserve Corporation. Western Reserve was insured by both a business auto ("BA") and a businessowners ("BO") policy issued by Nationwide.
 {¶ 4} On the date of the accident, Mrs. Tano's husband, Nicholas, was employed by John C. Thompson DBA Thompson Campers, Inc. ("Thompson Campers"). Thompson Campers had separate commercial auto policies issued by Western Reserve and Central.
 {¶ 5} Appellants filed a declaratory action asking the trial court to determine the rights and obligations of the parties relative to various insurance policies. Appellants claimed they were entitled to insurance coverage under their employers' liability insurers on the authority of the Supreme Court of Ohio's decisions in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 1999-Ohio-292 and Ezawa v. YasudaFire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557,1999-Ohio-124. All three insurance carriers filed motions for summary judgment. Appellants filed cross-motions for summary judgment seeking coverage under each of the insurance policies at issue. The trial court granted the summary judgment motions of each of the three insurance carriers. Appellants timely appealed to this Court, presenting three assignments of error for review.
 {¶ 6} All three assignments of error asserted by appellants challenge the trial court's award of summary judgment to each of the appellees. Thus, this Court begins by noting that it reviews an award of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"`(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293.
 {¶ 9} This Court will now discuss each of the appellants' assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the plaintiffs/appellants in granting summary judgment to appellee Central Mutual Insurance Company."
 {¶ 10} In appellants' first assignment of error, they argue that the trial court erred in granting summary judgment to Central. This Court disagrees.
 {¶ 11} It is undisputed that the Central policy does not specifically list either Nicholas or Tonya Tano as an "insured" who qualifies for coverage. Therefore, appellants based their claims for UM/UIM coverage on the Scott-Pontzer and Ezawa
decisions.
 {¶ 12} In its motion for summary judgment, Central conceded that UM coverage arose under the policy it issued to John C. Thompson dba Thompson Campers, Inc., by operation of law. However, it argued that appellants were not entitled to UM coverage because they did not qualify as "insureds" under the policy.
 {¶ 13} Given the Supreme Court of Ohio's holding inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, this Court finds that appellants are not entitled to coverage under the Central policy.
"In Galatis, the Court limited its decision inScott-Pontzer by `restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed.' Id. at paragraph two of the syllabus. Furthermore, the Court held:
"`Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire MarineIns. Co. of Am. 1999, 86 Ohio St.3d 557, 1999 Ohio 124,715 N.E.2d 1142, overruled.)' Id. at paragraph three of the syllabus." Barnby v. Nat'l. Union Fire Ins. Co. of Pittsburgh, PA, 9th Dist. No. 03CA0022-M, 2003-Ohio-6815, at ¶ 14.
 {¶ 14} In the case sub judice, the Central policy was issued to Thompson Campers, Inc., Nicholas Tano's employer. The named insured on the policy is `John C. Thompson dba Thompson Campers, Inc." Nicholas Tano was not a named insured on the policy issued by Central to Thompson Campers, Inc. Nicholas was not involved in the accident that led to the filing of this action. Furthermore, Tonya was not an employee of Thompson Campers, Inc. Therefore, appellants would not be entitled to coverage under the policy issued by Central pursuant to Galatis. Summary judgment was properly awarded to Central. Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the plaintiffs/appellants in granting summary judgment to appellee Western Reserve Group."
 {¶ 15} Appellants argue in their second assignment of error that the trial court erred in granting summary judgment in favor of Western Reserve. This Court disagrees.
 {¶ 16} In its motion for summary judgment, Western Reserve argued that appellants were not entitled to coverage under the policy it issued to John Thompson and Thompson Campers, Inc., because they did not qualify as "insureds" under the policy.
 {¶ 17} Appellants argued in their motion for summary judgment that they were entitled to insurance coverage under the policy issued by Western Reserve pursuant to the Ohio Supreme Court's decisions in Scott-Pontzer and Ezawa.
 {¶ 18} The policy issued by Western Reserve provided commercial auto coverage and contained an Ohio Uninsured Motorist Endorsement. The named insureds on the declarations page were John Thompson, an individual; and Thompson Campers, Inc., a corporation. Pursuant to the Court's decision in Galatis, appellants are not insureds under the Western Reserve policy. Thompson Campers, Inc., was Nicholas Tano's employer, and Mr. Tano was not involved in the accident that led to this appeal. Furthermore, Tonya Tano was not an employee of Thompson Campers, Inc. Therefore, neither Nicholas nor Tonya Tano can be an insured under the Western Reserve policy pursuant to Galatis. Summary judgment was properly granted in favor of Western Reserve. Appellants' second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the plaintiffs/appellants in granting summary judgment to appellee Nationwide Mutual Insurance Company."
 {¶ 19} In their third assignment of error, appellants contend that the trial court erred in granting summary judgment to Nationwide. This Court disagrees.
 {¶ 20} As previously stated, at the time of the accident, Tonya was employed with Western Reserve Corporation. Western Reserve Corporation was insured by both a business auto ("BA") policy and a businessowners ("BO") policy issued by Nationwide.
 {¶ 21} In their motion for summary judgment, appellants argued that UM/UIM coverage arose by operation of law under the BO policy issued by Nationwide and they were entitled to coverage under said policy pursuant to the Supreme Court of Ohio's rulings in Selander v. Erie Ins. Group, 85 Ohio St.3d 541,1999-Ohio-287 and Davidson v. Motorists Mut. Ins. Co.,91 Ohio St.3d 262, 2001-Ohio-36.
 {¶ 22} Appellants also filed a motion to hold determination of coverage of Nationwide's BA policy in abeyance pending discovery, arguing that based upon the Supreme Court of Ohio's decision in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, the BA policy that controls the disposition of the present matter had an effective date of September 16, 1999. The auto policy that Nationwide asserted was in effect at the time of the accident had a policy period from September 16, 2000 to September 16, 2001.
 {¶ 23} In its motion for summary judgment, Nationwide argued that, with regard to the BA policy, Wolfe was inapplicable to the sub judice because the policy it issued to Western Reserve Corporation did not insure more than four vehicles. With regard to the BO policy, Nationwide presented several arguments as to why appellants were not entitled to coverage under that policy, one of which was because the BO policy was not an automobile policy as defined by R.C. 3937.18.
 {¶ 24} For the reasons set forth below, this Court finds that appellants were not entitled to coverage under either the BA or the BO policy issued by Nationwide.
BA Policy
 {¶ 25} In Wolfe, the court held that R.C. 3937.31(A) requires every automobile liability insurance policy to include a minimum "two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39." Wolfe, 88 Ohio St.3d at paragraph one of the syllabus. R.C. 3937.30(D) defines "automobile insurance policy" as "an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which: * * * [d]oes not insure more than four motor vehicles[.]" The Nationwide BA policy at issue in the present case insures more than four motor vehicles; therefore, the Nationwide BA policy does not meet the statutory definition of "automobile insurance policy" and Wolfe is inapplicable.
 {¶ 26} The auto policy that Nationwide asserts was in effect at the time of the accident has a policy period from September 16, 2000 to September 16, 2001. Appellants have conceded that they are not entitled to coverage under that policy. Given this Court's finding that Wolfe is inapplicable, this Court finds that summary judgment was properly awarded to Nationwide with regard to the BA policy.
BO Policy
 {¶ 27} "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, syllabus. The accident giving rise to this appeal occurred on November 10, 2000. Nationwide issued this policy on August 26, 2000, and the policy was in effect for a period of one year. Therefore, this Court must examine the version of R.C.3937.18 that was in effect on August 26, 2000.
 {¶ 28} Pursuant to R.C. 3937.18, Nationwide was required to offer UM/UIM coverage only if the policy in question was an automobile or motor vehicle liability policy. The version of R.C.3937.18 applicable to this claim defined an "automobile liability or motor vehicle liability policy of insurance" as:
"* * * Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance;
"* * * Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section." R.C. 3937.18(L)(1) and (2).
 {¶ 29} The BO policy in question provides, in pertinent part:
"This insurance does not apply to:
"* * *
"`Bodily injury' or `property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, `auto' or watercraft owned or operated by or rented or loaned to any insured. * * *
"This exclusion does not apply to:
"* * *
"Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned by or rented or loaned to you or the insured[.]"
 {¶ 30} This Court has previously addressed the effect of similar "parking" exception language pursuant to R.C. 3937.18(L). See, Wiley v. Grange Mut. Cas. Co., 9th Dist. No. 21145, 2003-Ohio-539, affirmed by In re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888; see, also, Mazza v. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, affirmed by In re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888;Gilcreast-Hill v. Ohio Farmers Ins. Co., 9th Dist. No. 20983, 2002-Ohio-4524. In Gilcreast-Hill, this Court noted that "H.B. 261 amended R.C. 3937.18 to include a definition for an `automobile liability or motor vehicle liability policy of insurance[.]'" 2002-Ohio-4524 at ¶ 22. Specifically, "`R.C.3937.18(L)(1) significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage[.]'" Id., quoting Jump v. Nationwide Mut. Ins. Co. (Nov. 2, 2001), 2nd Dist. No. 18880, 2001-Ohio-1699. Finding that the policy was not a motor vehicle policy, this Court held:
"The phrase `not owned by or rented or loaned to you or the insured' does not `specifically identify' autos pursuant to the definition of automobile or motor vehicle liability. The policy cannot serve as proof of financial responsibility for `owners or operators of the motor vehicles specifically identified in the policy,' if the policy does not specifically identify any motor vehicles. Accordingly, [the insurance] policy is not one which `serves as proof of financial responsibility * * * for owners or operators of the motor vehicles specifically identified in the policy of insurance' and cannot, therefore, be an automobile or motor vehicle liability policy pursuant to R.C. 3937.18." (Emphasis sic.) Gilcreast-Hill at ¶ 28.
 {¶ 31} The policy at issue in the present case is a businessowners policy which does not precisely, particularly, or individually identify any vehicles covered under the policy. Accordingly, the "parking" exception contained in the BO policy issued by Nationwide does not transform the policy into an "automobile liability or motor vehicle liability policy of insurance." R.C. 3937.18(L)(1); see, also, Wiley.
 {¶ 32} This Court finds that the BO policy issued by Nationwide is not a motor vehicle policy pursuant to R.C.3937.18. Therefore, summary judgment was properly granted in favor of Nationwide regarding the BO policy. Appellants' third assignment of error is overruled.
 III. {¶ 33} Appellants' three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Whitmore, J. and Batchelder, J. concur.
[1] Lightning Rod Mutual Insurance Company, one of the companies that comprise the Western Reserve Group, actually issued the policy at issue in the appeal. However, this Court will refer to Lightning Rod Mutual Insurance Company as "Western Reserve" to maintain consistency.