DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Joshua Whitehead, and his parents, Michelle Hill and John D. Whitehead, appeal the decision of the Wayne County Court of Common Pleas, which granted summary judgment in favor of appellee, Atlantic Mutual Insurance Company ("Atlantic"). This Court affirms.
 I. {¶ 2} On May 16, 2000, appellant Joshua Whitehead was injured in a single vehicle accident. The car in which Joshua was a passenger was being operated by Jason Thomas. The accident was a result of Thomas' negligence. At the time of the accident, Jason Thomas was an uninsured/underinsured motorist.
 {¶ 3} At the time of the accident, appellant John Whitehead was employed by Standby Screw Machine Products ("Standby"). Standby was insured by both a commercial auto ("auto") and a commercial umbrella ("umbrella") policy issued by Atlantic Mutual Insurance Company ("Atlantic").
 {¶ 4} Appellants filed a complaint against Continental Casualty Company ("Continental")[1] and Atlantic seeking uninsured/underinsured ("UM/UIM") motorist coverage and against Thomas for negligence. Atlantic filed an answer and a counterclaim seeking an order declaring that appellants were not entitled to coverage under the auto and umbrella insurance policies it issued to Standby.
 {¶ 5} Appellants' filed a motion for summary judgment on February 26, 2003. On February 28, 2003, Atlantic filed its motion for summary judgment. The trial court denied appellants' motion for summary judgment and granted Atlantic's motion for summary judgment. In addition, the trial court granted Atlantic's counterclaim.
 {¶ 6} Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred by granting summary judgment in favor of defendants-appellees and against appellants."
 {¶ 7} In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of Atlantic. This Court disagrees.
 {¶ 8} Thus, this Court begins by noting that it reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 1996-Ohio-336. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"`(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 1996-Ohio-107. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449,1996-Ohio-211.
 {¶ 11} In their motion for summary judgment, appellants argued that: 1) Joshua Whitehead was an insured under the auto policy issued to Standby by Atlantic pursuant to the Supreme Court of Ohio's rulings in Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of America (1999), 86 Ohio St.3d 557; (2) Atlantic failed to validly amend or modify UM/UIM coverage pursuant to Schumacher v. Kreiner (2000), 88 Ohio St.3d 358,2000-Ohio-344, and Linko v. Indemn. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445, 2000-Ohio-92; and (3) as an insured under the auto policy, Joshua Whitehead is also an insured under the umbrella policy issued to Standby by Atlantic.
 {¶ 12} In its motion for summary judgment, Atlantic maintained that 1) Scott-Pontzer was not applicable to the case because the auto policy issued to Standby was modified to clearly define who constituted an insured; 2) none of the appellants qualified as "insureds" under the auto policy it issued to Standby; 3) Joshua Whitehead could not be entitled to UM/UIM coverage under the auto policy issued to Standby because he was a passenger in a vehicle which was not insured under the policy; and 4) because Joshua Whitehead was not an insured for purpose of the underlying UM/UIM coverage, he was not entitled to coverage under the umbrella portion of the policy issued to Standby.
 {¶ 13} This Court finds that appellants do not qualify as "insureds" in light of the Supreme Court of Ohio's decision inWestfield Ins. Co. v. Galatis (2003), 100 Ohio St.3d 216,2003-Ohio-5849.
"In Galatis, the Court limited its decision inScott-Pontzer by `restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed.' Id. at paragraph two of the syllabus. Furthermore, the Court held:
"`Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire MarineIns. Co. of Am. (1999), 86 Ohio St.3d 557, 1999-Ohio-124,715 N.E.2d 1142, overruled.)' Id. at paragraph three of the syllabus." Barnby v. Nat'l. Union Fire Ins. Co. of Pittsburgh,PA, 9th Dist. No. 03CA0022-M, 2003-Ohio-6815, at ¶ 14.
 {¶ 14} This Court notes that "the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, appeal dismissed (1956), 352 U.S. 804, 1 L.Ed.2d 38. Thus, in accordance with Galatis, this Court concludes that appellants are not entitled to UM/UIM coverage under the auto or the umbrella policy issued to Standby by Atlantic policy. John Whitehead is not an "insured" because it is undisputed that he was not within the course and scope of his employment with Standby when the incident occurred; in fact, he was not even present when the accident occurred. See Galatis,2003-Ohio-5849, at ¶ 62. As family members of John Whitehead, Joshua and Michelle Hill are not "insureds" because John is not an "insured." Moreover, the language in the clause does not extend coverage to "family members" of employees. Even if such language did exist, the Standby is designated as the "named insured," but John Whitehead is not listed as the "named insured." Therefore, UM/UIM coverage could not extend to John Whitehead's family members. See id.
 {¶ 15} In sum, this Court finds that pursuant to Galatis,
appellants cannot qualify as "insureds" under the Atlantic policy issued to Standby. Consequently, this Court finds that summary judgment was properly awarded to Atlantic. Appellants' sole assignment of error is overruled.
 III. {¶ 16} The decision of the Wayne County Court of Common Pleas is affirmed, albeit for reasons different than expressed by that tribunal.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Baird, J., Slaby, J. concur.
[1] Appellants voluntarily dismissed their complaint against Continental on October 9, 2002.